GAZES LLC
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000
Ian J. Gazes, Esq.
David Dinoso, Esq.

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

FORTUNOFF HOLDINGS, LLC, and
FORTUNOFF CARD COMPANY, LLC,

                Debtors.

----------------------------------------------------------------x

Chapter 7

Case Nos. 09-10497 (RDD)

(Jointly Administered)

**REPLY OF GAZES LLC TO (A) ARENT FOX LLP'S RESPONSE
AND LIMITED OBJECTION AND (B) SIDLEY AUSTIN LLP'S
STATEMENT IN RESPONSE TO GAZES LLC'S FIRST INTERIM
APPLICATION FOR ALLOWANCE AND COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

TO:     HONORABLE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

      Gazes LLC ("Gazes"), counsel to Ian J. Gazes, chapter 7 trustee (the "Trustee") of the estates of Fortunoff Holdings LLC and Fortunoff Card Company, LLC (together with Fortunoff Holdings LLC, the "Debtors"), hereby submits this reply to (a) the response and limited objection (the "Limited Objection") of Arent Fox LLP ("Arent") and (b) the statement of Sidley Austin LLP ("Sidley" and Arent, the "Chapter 11 Attorneys") (the "Sidley Response" with the Limited Objection, the "Responses"), to the first, interim application of Gazes for allowance of compensation and reimbursement of expenses (the "Application"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

The Responses, and in particular, the Limited Objection, imply that the current financial condition of these estates could only have been avoided through the Trustee's retention of the Chapter 11 Attorneys. The Trustee's failure to do so, Arent implies, has resulted in an unnecessary duplication of services between Gazes and the Chapter 11 Attorneys. Neither of the Chapter 11 Attorneys, however, cites a single instance of duplication and Gazes' own review of relevant time records shows that any duplication, if any, was minimal, necessary and reasonable. Even if this minimal duplication could have been avoided through the Trustee's retention of the Chapter 11 Attorneys, the Trustee determined, in the exercise of his business judgment, that retention of either of the Chapter 11 Attorneys was not in the best interest of the estates and their creditors.

**REVIEW OF TIME RECORDS**

1. The full procedural and factual background relevant to the cases including a detailed description of the fees sought by Gazes is set forth in the Application and is incorporated herein by reference [Doc. No. 1589].

2. As set forth in the Application, roughly 74% of the total interim fees sought by Gazes are attributable to litigation matters. In turn, the bulk of this 74% was dedicated to resolving a class action adversary proceeding asserting damages under the federal and New York State WARN Acts (the "Class Action") and defending an administrative action commenced by the New York State Department of Labor (the "DOL") for damages under the New York State WARN Act (the "DOL Action" and with the Class Action, the "WARN Actions) filed after the conversion date. The WARN Actions have been resolved pursuant to the terms of a global settlement agreement that was preliminarily approved by the Court at a hearing held on October 21, 2011.

3. With nothing more than the Chapter 11 Attorneys' bare allegations of duplication, Gazes has undertaken a review of its own time records as well as those of the Chapter 11 Professionals. Given the volume of records and limitations of time, Gazes focused its search for duplicative services on legal time expended by the Chapter 11 Attorneys and by Gazes that relate to the WARN Actions.

4. A review of Sidley's time records for the period February 5, 2009 through September 30, 2009 shows a total of 404.70 hours devoted to WARN Action issues. These hours appear to be primarily attributable to: review of the Class Action complaint and amended complaint; research regarding potential affirmative defenses and other issues; preparation of answers to the Class Action complaint and amended complaint; preparation of plaintiff's opposition to class certification; and numerous internal conferences and communications related to the foregoing. A spreadsheet showing Sidley's time entries related to the WARN Actions based on Gazes' preliminary review of Sidley's time records is attached as Exhibit "A".

5. A review of Arent's time records for the period February 5, 2009 through September 30, 2009 shows a total of 81.70 hours devoted to WARN Action issues. These hours appear to be primarily attributable to: review of the Class Action complaint and other pleadings; research; preparation of a memorandum to the creditors' committee, and numerous communications both internally and with Sidley related to the foregoing. Arent's time records related to the WARN Action, based on Gazes' review, are attached as Exhibit "B".

6. Gazes time records for the post-conversion period shows some time expended in reviewing the filed pleadings and proofs of claim with the bulk of the time expended in connection with:

    a. Defending administrative action commenced by DOL;

3

    b. the commencement and prosecution of an adversary proceeding to enjoin the DOL from proceeding with the DOL Action;
    c. responding to the DOL's subpoena *duces tecum*;
    d. liquidating potential damages under the WARN Actions;
    e. conducting a substantial investigation to determine the applicability of various affirmative defenses including a preliminary review of roughly 50,000 e-mails and other business records;
    f. numerous settlement discussions with Class Action counsel and DOL counsel;
    g. engaging in extensive informal discovery;
    h. drafting of a global settlement agreement fully resolving the WARN Actions; and
    i. drafting a motion seeking Court approval of that agreement.

None of the legal services set forth above are duplicative of services rendered by Sidley or Arent.

    7. Upon information and belief, prior to Gazes retention there were no settlement discussions among any of the parties and no discovery taken, whether formal or informal, and, in fact, all attempts at negotiation and informal discovery initiated by Class Action counsel were firmly and repeatedly rebuffed prior to the conversion date.

## **REPLY**

There are no Credible Allegations of Material Duplication of Services

    8. As stated above, the Responses conclude, without any supporting factual allegations, that certain services rendered by Gazes were duplicative of services rendered by the Chapter 11 Attorneys. Gazes review of various time records does not reveal evidence of substantial duplication.

    9. What the time records do reveal are three different firms rendering distinct services related to the same matter. With respect to Sidley, these services were almost entirely limited to the preparation and review of pleadings. Arent's work appears to have been limited to keeping abreast of case developments related to the WARN Actions and relating this information to the creditors' committee. Gazes does not dispute and affirmatively states that Sidley's services were utilized by

4

Gazes and did serve a benefit to the estates both with regard to the WARN Actions and other pending matters. The Sidley work did serve as a basis to allow Gazes to prosecute the necessary actions required to defend the estates from excessive and questionable damages.

10. However, in marked contrast to the services rendered by the Chapter 11 Attorneys, the services rendered by Gazes focused on (a) identifying all relevant facts; (b) assessing the estates' potential liability in light of those facts and the claims and defenses asserted; (c) discovery; and (d) negotiating with the parties in an attempt to reach a consensual resolution of the WARN Actions and all related claims in the most expeditious and cost effective manner possible.

11. Like the Chapter 11 Attorneys, Gazes is not casting any aspersions on the competence and professionalism of the Chapter 11 Attorneys. Nonetheless, Gazes respectfully submits that the WARN Actions and related were no closer to resolution on the conversion date than on the date that these claims were first filed. Only after conversion and after the Court approved retention of Gazes, was any significant effort expended on resolution of the WARN Actions. Ultimately, Gazes efforts resulted in a global settlement, preliminarily approved by this Court, of the WARN Actions and related claims at an amount substantially below the amounts initially sought.

<u>Retention of the Chapter 11 Attorneys not in Best Interest of the Estates</u>

12. The relevant time records reflect that any duplication of services was, at most, inconsequential. Moreover, in reviewing the fees and expenses incurred by the Chapter 11 Attorneys prior to the conversion date, the Trustee determined that their "burn" rate was too high and not appropriate in a chapter 7 case. Rather, the Trustee determined that Gazes was the most competent and cost efficient option to serve as his counsel given Gazes' extensive experience with

5

chapter 7 cases, and the Trustee's ability to closely monitor the legal services rendered and fees incurred.

Payment of Interim Compensation is Appropriate

13. While Arent "does not question the competency, quality of work, or professionalism" of Gazes and does not assert with any specificity why Gazes fees are unreasonable, it nonetheless asserts that Gazes' fees should not be paid. Gazes cannot find any logic or legal basis why Gazes should not be paid on an interim basis for 2 years of work while Arent was regularly compensated throughout the pendency of the chapter 11 cases. While Arent was paid on an interim basis for services rendered, among other things, by the submission of time records during the Chapter 11 period, Gazes justifies its time charges by specifically describing pursuant to a detailed fee application the benefits to the estates for the legal services rendered. Gazes' services rendered have significantly benefited Arent. Arent seems to believe that chapter 7 fees should not be paid based upon an erroneous legal premise that Arent's fees are to be paid *pari passu* with Gazes' fees. This mistaken argument was highlighted by the Chapter 11 professionals' insistence that their interim fees be paid at the previous hearing, which was opposed by the Trustee and subsequently denied by this Court.

Sidley's Request for Monthly Reports is Improper

14. Upon information and belief, Sidley's request to usurp the United States Trustee's oversight obligation by asking for the implementation of a monthly "monitoring system" will be addressed by the United States Trustee and in its own filing. This issue is also addressed in the Trustee's Declaration being filed contemporaneously herewith.

# **NOTICE**

15. The Trustee has served this reply and all exhibits upon the Office of the United

States Trustee and the Standard Parties and the 2002 Parties as required by and in the manner set forth in the Court's order, dated February 23, 2010, implementing certain notice and case management procedures [Doc No. 1017].

**WHEREFORE**, Applicant respectfully requests that this Court enter an order (a) allowing Applicant (i) interim compensation in the amount of $1,234,951.50[1] for professional services rendered as attorneys for the Trustee during the Compensation Period, and (ii) reimbursement in the amount of $16,681.56 for expenses incurred in rendering such services; and (b) granting Applicant such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 2, 2011

GAZES LLC

By: _/s/ Ian J. Gazes_____

Ian J. Gazes
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000
*Attorneys for the Chapter 7 Trustee*

---

[1] Gazes has agreed to reduce the interim fee request to $1,200,000 per the request of the United States Trustee.